# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § § § § § | |
| | **CASE NO. 6:18-CR-00042-JDK** |
| **vs.** | |
| **MIRANDA PAIGE KIRKPATRICK (8)** | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On June 23, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine, a Class B felony, Defendant Miranda Paige Kirkpatrick was sentenced on January 7, 2020 by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of V, was 100 to 125 months. The Court sentenced Defendant to imprisonment for a term of 100 months, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment. On February 19, 2024, the Court granted Defendant's motion for sentence reduction and reduced the term of imprisonment to 84 months with an amended criminal history category of IV.

The Court modified Defendant's conditions of supervised release on May 9, 2024 to include a 180-day placement in a residential reentry center. Defendant completed her term of imprisonment and started serving her term of supervised release on July 24, 2024.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 10, 2025, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens on November 1 and December 11, 2024, that tested positive for methamphetamine, which was confirmed by lab results. It is also alleged that Defendant submitted a urine specimen on June 9, 2025, that tested positive for methamphetamine and lab results are pending.

2. **Allegation 2 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to participate in substance abuse testing on May 21, 2025 by submitting a urine specimen that was not consistent with normal human urine, indicating that Defendant adulterated or substituted her urine specimen with the intention of altering the test results. Lab reports confirmed the results. It is also alleged that Defendant failed to submit a drug test as directed on May 23, 2025.

3. **Allegation 3 (special condition): The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by the treating physician. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to participate in mental health and substance abuse (integrated) treatment on November 26, 2024, January 17, 2025, April 24, 2025, and April 29, 2025. It is also alleged that Defendant failed to participate in psychiatric treatment on February 8, 2025.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine, as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by submitting urine specimens that tested positive for methamphetamine, submitting an adulterated or substituted urine specimen for drug testing, failing to submit a drug test as directed, failing to participate in integrated treatment as directed, or failing to participate in psychiatric treatment as directed, as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). The guidelines provide that Defendant's imprisonment guideline range for a Grade C violation is 6 to 12 months. The grade of the violation having the most serious grade is

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On June 23, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 18 months with no further term of supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FMC Ft. Worth or, alternatively, FMC Carswell.

### *Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to imprisonment for a term of 18 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to imprisonment for a term of 18 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth or, alternatively, FMC Carswell.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to imprisonment for a term of 18 months with no further term of supervised release.

So ORDERED and SIGNED this 23rd day of June, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE